## (June 15, 1965)

■ JOSEPHINE FRISCIA, Respondent-Appellant, v. CITY OF NEW YORK, Respondent-Appellant, and CONSOLIDATED EDISON COMPANY OF NEW YORK, Appellant-Respondent. CONSOLIDATED EDISON COMPANY OF NEW YORK, Third-Party Plaintiff-Respondent, v. CASPER HELBOCK, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. CITY OF NEW YORK, Fourth-Party Plaintiff-Respondent, v. CASPER HELBOCK, INC., Fourth-Party Defendant-Appellant, et al., Fourth-Party Defendant.— Judgment, entered June 17, 1964, in favor of plaintiff based upon a reduced verdict for $25,000, unanimously reversed, on the law and on the facts, and a new trial granted, with $50 costs to defendants in the main action against plaintiff, the cross appeal of plaintiff dismissed as academic, without costs or disbursements to any party, and the judgments on the cross complaint in favor of the City of New York against Consolidated Edison Company of New York, and on the third- and fourth-party complaints in favor of Consolidated Edison Company of New York and the City of New York, respectively, against third-and fourth-party defendant Casper Helbock, Inc., unanimously reversed, on the law and on the facts, and a new trial granted, without costs or disbursements to any party. In this personal injury negligence action plaintiff's proof was incredible and inconsistent with the patent physical facts and her own verified pleadings, including the verified bill of particulars. Consequently, the verdict in her favor was against the weight of the credible evidence and not in conformity with her pleadings. The complaint and bill of particulars refer to a conduit plate upon which plaintiff tripped. The trial evidence attributes the concurring cause of the accident to a pipe. The credible evidence established that the "pipe" could only have been a gas line valve or shut-off box, the description of which

did not conform to anything like a pipe. Moreover, the preponderance, if not the irresistible weight, of the evidence was that the top of the valve or shut-off box must have been level with the sidewalk, packed with paving material flush with the sidewalk level. To top it off, the physical description and photograph of the site are inconsistent with plaintiff's testimony concerning the impact or collision with one of the workmen exiting from the building. It was this impact that precipitated the alleged tripping over the sidewalk device, whatever it was. Consequently, there was no rational explanation for the happening of the accident. Settle order on notice. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.